# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **RHONDA BRZOZOWSKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-08-1** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of the Social** | § | |
| **Security Adiminstration,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Rhonda Brzozowske's ("Plaintiff's") Motion for Summary Judgment (Dkt. No. 10) and Defendant Michael J. Astrue's ("the Commissioner's") Motion for Summary Judgment (Dkt. No. 12). After consideration of the motions, record, and applicable law, the Court finds that Plaintiff's motion should be DENIED and Defendant's motion should be GRANTED.

### Background

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner denying Plaintiff's application for supplemental security income. Plaintiff is a 39-year-old (Tr. 24) with past work experience as an accountant, bookkeeper, and auditor (Tr. 105).

Plaintiff filed her application for benefits in October, 2000 (Tr. 86-88), alleging that she was disabled due to rheumatoid arthritis and occasional bouts of anemia (Tr. 96). Her claims were denied by the Commissioner and again on reconsideration. Tr. 41-44. She had a hearing before an Administrative Law Judge ("ALJ") on November 14, 2002. Tr. 51. The ALJ issued an opinion on

1

March 10, 2003 finding that Plaintiff was not under a disability within the meaning of the Social Security Act. Tr. 28-33. Plaintiff requested review of the decision, and the case was remanded to the ALJ by the Appeals Council. Tr. 73-75. Another hearing was held before the same ALJ on November 19, 2003. Tr. 327. On May 10, 2004, the ALJ again found against Plaintiff. Tr. 17-22. Plaintiff again requested review of the decision. Over three years later, on November 14, 2007, the request for review was denied. Tr. 3. Plaintiff filed this action on January 8, 2008. Dkt. No. 1.

## Standard

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: whether substantial record evidence supports the decision, and whether proper legal standards were used to evaluate the evidence. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In applying this standard, the court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the court overturn it. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court reviews the legal standards applied by the Commissioner de novo.

To claim entitlement to disability benefits, a claimant must show that she was disabled on or before the last day of her insured status. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

(1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

(2) a claimant will not be found to be disabled unless she has a "severe impairment;"

(3) a claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors;

(4) a claimant who is capable of performing work she has done in the past must be found "not disabled;" and

(5) if the claimant is unable to perform her previous work as a result of her impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether she can do other work.

*See* 20 C.F.R. § 404.1520(b)-(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

To be entitled to benefits, a claimant bears the burden of proving that she is unable to engage in substantial gainful activity within the meaning of the Social Security Act. *See Wren v. Sullivan*,

925 F.2d 123, 125 (5th Cir. 1991). The claimant must show that she suffers from a mental or physical impairment that not only renders her unable to perform her previous work, but, given her age, education, and work experience, prevents her from engaging in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). However, if the claimant can show that she can no longer perform her previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment that the claimant can perform. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing it on the fifth. *See Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The analysis stops at any point in the five step process upon a finding that the claimant is or is not disabled. *See id.* at 236.

## Analysis

Plaintiff presents three grounds for reversal. First, the ALJ did not give controlling weight to the opinion of the treating physician. Second, the ALJ did not comply with the Appeals Council Order on remand. Third, the three-year wait for a decision on appeal violated Plaintiff's due process rights.

Plaintiff argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician. The ALJ need not take the treating physician's word as gospel, but can reject it for good cause. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may

reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). That section of the regulations requires consideration of the length, nature, and extent of the relationship between the physician and the patient, the frequency of examination, the extent to which the source's opinion is supportable by the record, the consistency of the opinion with the record, the specializations of the physicians with competing opinions, and any other relevant factors brought to the Commissioner's attention. 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ declined to give controlling weight to the treating source's opinion that Plaintiff has rheumatoid arthritis, but his opinion shows that he performed the analysis required by 20 C.F.R. § 404.1527(d)(2)-(6). He noted that Plaintiff's doctor had "been the treating physician for some time" (Tr. 20), thus showing that he had considered the length and extent of the doctor's relationship with Plaintiff. The ALJ further stated that "it may be that [the treating physician's] findings are colored by concerns for his patient" (*Id.*), showing that the ALJ had considered the nature of their relationship. The frequency of the treating physician's examinations was described in the ALJ's discussion of Plaintiff's medical record. Tr. 18-19. Most importantly, it is clear that the ALJ considered the extent to which the treating physician's opinion was supported by the record and the opinion's consistency with the record: the ALJ wrote that a variety of symptoms that must be present to support a diagnosis of rheumatoid arthritis were not recorded as present in Plaintiff. Tr. 19. The ALJ, then, took account of the considerations that the regulations required him to in rejecting the treating physician's opinion. Plaintiff's first ground for reversal has no merit.

Plaintiff's second claim is that the ALJ did not follow the Appeals Council's order on

remand.  The Appeals Council gave three instructions to the ALJ.  First, the ALJ must "[g]ive further consideration to the claimant's maximum residual functional capacity during the entire record period at issue" and "evaluate the treating source opinions . . . and explain the weight given to such opinion evidence."  Tr. 74.  Second, the ALJ should, "[i]f warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base."  *Id.* (citations omitted).  Third, the ALJ was instructed to "[e]nter into the record the brief dated May 6, 2003 submitted by the claimant's attorney and address the arguments raised therein."  *Id.*

Plaintiff argues that the first and second commands were not followed by the ALJ.  As to the first order, Plaintiff acknowledges that its argument on this point merely reiterates its first assignment of error.  As this Court explained above, the ALJ did adequately evaluate the treating source's opinion according to the regulations.  As to the second order, the Appeals Council left the ALJ wide discretion: a vocational expert was only required if the ALJ found that one was "warranted by the expanded record."  *Id.*  The ALJ did not so find, and thus there was no failure to obey the Appeals Council.  Plaintiff's second ground for reversal also has no merit.

Plaintiff's third argument is that the three-year delay between the ALJ's decision and the Appeals Council decision deprived her of due process.  While the length of the delay was unfortunate, Plaintiff has cited no authority for the novel proposition that the delay violated her constitutional rights, nor has this Court found any.  Plaintiff's third and final ground for reversal has no merit.

## Conclusion

For the reasons stated above, the Commissioner's motion for summary judgment is

GRANTED and Plaintiff's motion for summary judgment is DENIED.

It is so ORDERED.

Signed this 21st day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE